## Commonwealth v. Kooyoomjian

*Steven O'Neill, Assistant District Attorney,* for Commonwealth.
*Gerald T. Gervasi,* for defendant.

SMILLIE, *J.*, March 21, 1980—On June 12, 1979 Robert Kooyoomjian was found guilty of violating Crimes Code, section 5503, 18 Pa.C.S.A. §5503, disorderly conduct. Defendant appealed his summary criminal conviction. On November 2, 1979, after a hearing and consideration, he was again found guilty and his appeal was dismissed. Defendant has appealed from that order, necessitating the · opinion herewith.

The testimony reveals that on Sunday morning, May 12, 1979, Alfred Toth, defendant's landlord, met with a prospective tenant at his apartment building. Defendant lived in the basement apartment of said building, and the person with whom

Mr. Toth was meeting had rented the apartment directly above defendant's. When Mr. Toth, who is a retired army officer, and his tenant arrived, they were greeted by defendant's playing "When the Caissons Go Rolling Along" as loudly as his commercial stereo unit could play it which was intolerably loud. The record repeated itself over and over again and went on endlessly. Mr. Toth went downstairs to defendant's apartment and knocked on the door to ask defendant to lower the noise level, but defendant did not answer or appear and the disturbance continued unabated. Mr. Toth then communicated with the local police who, in turn, spoke with defendant. Shortly thereafter the volume was reduced to a bearable level.

The situation which developed on that day was not an isolated event, but one which had occurred virtually every Sunday for the previous two months when Mr. Toth attempted to show his apartments. Each time he was greeted with unreasonable noise from defendant's apartment. Whenever Mr. Toth would speak to defendant and ask him to turn down the volume, defendant would act perversely and turn up the volume so that it became nearly impossible to carry on a conversation with prospective tenants. There were four other apartment units in the building and, although on the day the complaint was filed the apartment directly above defendant was about to be occupied by new tenants, the various tenants in the apartment house had repeatedly complained to Mr. Toth about the intolerable noise by Mr. Kooyoomjian on previous occasions. On cross-examination Mr. Toth testified that his college age son accompanied him on the day in question and complained of the noise, that the two police officers said that the noise was highly ob-

jectionable, and that he, himself, found the noise level to be totally, deliberately unreasonable.

Deciding the case at hand was largely a matter of determining whether the testimony before the court described a course of conduct by appellant which is covered by the disorderly conduct provisions, 18 Pa.C.S.A. §5503, of Pennsylvania's new Crimes Code. Section 5503 in pertinent part reads:

"(a) Offense defined.—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm . . . he . . . (2) makes unreasonable noise; . . . (c) Definition.—As used in this section the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are . . . apartment houses. . . ."

The court found that appellant's conduct falls within the proscription of the statute. The resolution of the facts of the case establishes the prerequisite mental state or unlawful intent necessary for defendant to be guilty of disorderly conduct. In addition, the evidence clearly established the remaining elements of the offense. Defendant was acting willfully and maliciously.

Upon notice of appeal and pursuant to Pa.R.A.P. 1925(b), the court directed appellant's counsel to file a concise statement of matters complained of on the appeal. Appellant's sole contention is that in violation of Pa.R.Crim.P. 1123, he was not afforded the opportunity to file and argue post-verdict motions.

Rule 1123 states in pertinent part: "(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment."

A person who is convicted in a summary proceeding before a district justice has the right of appeal to the court of common pleas of the judicial district in which the conviction occurred: Pa. Const., Art. V. §9; 42 Pa.C.S.A. §5105(a); Pa.R.Crim.P. 67. Such an appeal is a de novo determination of the guilt or innocence of the defendant: 42 Pa.C.S.A. §5105(d)(4); Pa.R.Crim.P. 67(f). Thus, when a defendant has been convicted in a summary proceeding and appeals to the court of common pleas, the result is a re-trial on the merits of the case. Nevertheless, it is an action *on appeal* and not an original trial proceeding. Upon the common pleas court's issuing its order sur appeal, a defendant has the right to appeal that order to the Superior Court. See 42 Pa.C.S.A. §5105(b). As a matter of fact, there was nothing to preclude defendant from requesting an argument or filing post-trial motions if he so desired.

Most summary cases are rather uncomplicated and straightforward in nature. As a practical matter, if the lower court is uncertain as to the basis for appeal, under the procedures established by state or local rule appellant may be directed to file a brief statement to clarify for the court the issues on appeal: Pa.R.A.P. 1925(b). To require the filing and consideration of post-verdict motions in summary appeal cases would be a gross misuse of the court's time and judicial manpower and would increase the number of summary appeals which are taken to the Superior Court.

The guilty verdict is supported by the record, and appellant's contention is without merit.